## COMMONWEALTH *vs.* MARGARET KELLY.

A charge of a single sale of intoxicating liquor on the first day of March is sustained by proof of a sale on the seventeenth of the same month.

The *St.* 1844, *c.* 102, imposing upon the defendant the duty of proving a license, in all prosecutions for selling "spirituous" liquors, applies to the *St.* 1850, *c.* 232, against selling "intoxicating" drinks.

INDICTMENT for a single sale of intoxicating liquor, on the first day of March, 1852, without any authority or license therefor, contrary to *St.* 1850, *c.* 232. The evidence tended to show a sale on the seventeenth day of said March, and the defendant objected that the variance was fatal. But the presiding judge of the court of common pleas, *Merrick*, J. ruled otherwise. No evidence was offered that the defendant was not licensed to sell, and the defendant claimed that the burden of proof of that fact was upon the commonwealth, and that *St.* 1844, *c.* 102, did not apply to prosecutions under the subsequent *St.* 1850, *c.* 232. But the judge ruled that if the defendant relied upon a license, she must prove it. Being convicted, the defendant excepted to the foregoing rulings.

*C. Wheaton*, for the defendant.

*Clifford*, (attorney-general,) for the commonwealth.

DEWEY, J. It is very familiar law that upon the trial of an indictment charging an offence to have been committed on a certain day therein named, it is competent to prove the offence to have been committed on a different day, and such evidence is not objectionable on the ground of variance. The argument strongly urged on the part of the defendant, that the precise day on which the offence is charged to have been committed enters materially into the description of the offence, and is necessary to identify the charge, would equally apply to all cases of assaults, larcenies, burglaries, and the like. But in these latter cases, it is no variance to allege the crime as committed on one day, and prove it to have taken place on a different day. It is true that in indictments charging an offence consisting of continuous acts, and alleging that the

party did, between certain periods named, do the acts, the prosecutor is required to prove the acts within the period alleged; but in allegations of single distinct offences, it has always been held otherwise.

The further exception taken presents a new question, that of the application of the provisions of *St.* 1844, *c.* 102, to cases arising under the statute of 1850, *c.* 232. In a case arising under an alleged violation of the Rev. Sts. *c.* 47, § 3, *Commonwealth* v. *Thurlow*, 24 Pick. 376, this court had decided that it was incumbent on the government to sustain, by proper evidence, the allegation in the indictment that the defendant was not duly licensed to sell spirituous liquors. The legislature immediately after, passed the act of 1844, *c.* 102, providing that "in all prosecutions for selling spirituous or fermented liquors, the legal presumption shall be, that the defendant has not been licensed;" thus reversing the rule of law as held in *Commonwealth* v. *Thurlow*. Since the period of that enactment, the practice has of course been in accordance therewith, and in the trials of prosecutions for violations of Rev. Sts. *c.* 47, no evidence on the part of the government has been required to show that the defendant was not licensed. But by the enactment of *St.* 1850, *c.* 232, the 47th chapter of the Revised Statutes was amended in the first three sections by striking out the word "spirituous" wherever it may occur, and inserting in the place of the same the word "intoxicating."

It is now contended that under this modification of the Revised Statutes, and the substitution of "intoxicating drinks" for "spirituous liquors," the *St.* of 1844, *c.* 102, is not applicable to prosecutions for selling intoxicating drinks without license. That such effect was intended by the legislature, is hardly probable, as the tendency of legislation in making these changes has been to make the laws more stringent, and also more easy of enforcement by way of punishment. The rule established by the decision in Thurlow's case, was one this court thought the more reasonable, but stated the question to be a matter of difficulty, and upon which there were conflicting decisions in other courts. The legislature,

as already remarked, changed the burden as to the allegation that the defendant was not duly licensed, holding the presumption to be that he was not licensed, and required him to prove that he was licensed. This although in terms applicable to cases of prosecutions for selling spirituous or fermented liquors, yet was in its character a legislative declaration upon the burden of proof as to the allegation that the defendant had not been licensed. The cases specified in the statute were the only cases under our then existing statutes for selling liquors without license. When the legislature amended the Rev. Sts. *c.* 47, by striking out the words "spirituous" and inserting "intoxicating" liquors, they made no other change beyond what those words required; all other provisions of *c.* 47 remained in force, and all acts in addition thereto for the furtherance of the object of that act. To the extent of all cases of prosecutions for the sale of spirituous or fermented liquors, the statute of 1844, *c.* 102 must of course now apply. This will embrace far the largest portion of cases of sales of intoxicating liquors, most of them belonging to one or the other of these classes. But as intoxicating drinks may also possibly include other species of liquors, it becomes necessary to settle the rule of law for such cases.

Looking at the purposes of the act of 1844, *c.* 102, and the effect of that statute in imposing the burden of proof upon the defendant, in prosecutions for selling liquors without license, and considering that act as intended to change the rule as declared by this court in Thurlow's case, we are of opinion that, in prosecutions for selling intoxicating drinks without license, the presumption of law is that the defendant has not been duly licensed, and if he relies on a license in his defence, it is incumbent on him to prove the fact by proper evidence. *Exceptions overruled.*